J-S77004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN RUDD | : | |
| | : | |
| Appellant | : | No. 1835 EDA 2018 |

Appeal from the PCRA Order Entered May 23, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  No. CP-23-CR-0002847-2009

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 18, 2019**

Shawn Rudd appeals from the order entered May 23, 2018, in the Delaware County Court of Common Pleas, dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Rudd seeks relief from the judgment of sentence of an aggregate 15 to 30 years' imprisonment, imposed following his negotiated guilty plea to three counts of involuntary deviate sexual intercourse.[2]   Concomitant with this

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3123.

appeal, counsel has filed a petition to withdraw.[3]  Because we conclude the PCRA petition was untimely filed, we affirm, and grant counsel's petition to withdraw.

The parties are well aware of the facts underlying Rudd's guilty plea, and we need not recite them herein.  In summary, on November 18, 2009, Rudd entered a negotiated guilty plea to three counts of involuntary deviate sexual intercourse.  Following an evaluation by the Sexual Offenders Assessment Board, sentencing took place on March 22, 2010.  The trial court sentenced Rudd in accordance with the terms of the plea agreement and Rudd conceded that he met the criteria of a sexually violent predator; thus, he is subject to lifetime registration under Megan's Law.  Rudd did not file a direct appeal.

On June 20, 2016, Rudd filed a *pro se* PCRA petition.  The court appointed counsel who subsequently sought leave to withdraw.  On July 11, 2017, the PCRA court dismissed the petition.  Rudd did not file an appeal.

---

[3] Counsel mistakenly filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  However, a **Turner**/**Finle**y no-merit letter is the correct filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief instead of a **Turner**/**Finley** letter.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

Instead, on August 14, 2017, Rudd filed a *pro se* petition to modify his sentence.[4] The court issued a rule to show cause directing the Commonwealth to respond to the petition. On September 5, 2017, Rudd filed his second *pro se* PCRA petition.[5] The PCRA court appointed counsel. On May 8, 2018, counsel filed an amended PCRA petition; a hearing on the petition took place that same day. On May 23, 2018, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[6]

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to *Turner*/*Finley* and their progeny:

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to

---

[4] Rudd titled his pleading as a petition to correct sentence. Our review of the record demonstrates that the court below correctly deemed the pleading to be part of his subsequently filed PCRA petition, as his challenge to the legality of the sentence is well within the ambit of the PCRA. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted) ("[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute."); 42 Pa.C.S.A. §§ 9543(a)(2)(vii); *see also* PCRA Court Opinion, 7/31/2018, at 4 n.2.

[5] Both pleadings argued that Rudd's sentence was unconstitutional under the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). *See* Rudd's Brief, at 8.

[6] On July 10, 2018, Rudd filed a timely concise statement of errors complained of on appeal in compliance with the PCRA court's order. The court filed an opinion on July 31, 2018.

this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \*

[W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of **Turner**/**Finley**. Although he filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issue Rudd wishes us to review and explains why it is meritless. **See** Rudd's Brief at 11-13. Furthermore, counsel provided Rudd with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel. **See** Application to Withdraw Appearance, 9/10/2018. Rudd has not responded to counsel's petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

- 4 -

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016)

(internal punctuation and citation omitted). Here, the PCRA court determined,

*inter alia*, that Rudd's petition was untimely. We agree. A petitioner must file

a PCRA within one year of the date the underlying judgment becomes final.

***See*** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*,

572 U.S. 1151 (2014).

Rudd's judgment of sentence was final on April 25, 2010, 30 days after

the trial court imposed sentence and Rudd neglected to file a direct appeal.

***See*** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Therefore, he had until April

25, 2011, to file a timely PCRA petition. The one before us, filed August 14,

2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of

the three time-for-filing exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-

(iii). Here, Rudd contends his petition meets the newly recognized

constitutional right exception, which provides an avenue for relief if the

petitioner pleads and proves:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of

Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[7] **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

In the present case, Rudd argues that his sentence is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and that he timely filed his decision within sixty days of that date, thus invoking properly the third exception to the time-for-filing requirement. We disagree.

This Court considered whether **Muniz** applied under similar circumstances in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). In that case, this Court acknowledged

> that this Court has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been

---

[7] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

issued by our Supreme Court, [Murphy] cannot rely on *Muniz* to meet th[e third] timeliness exception.

*Murphy*, 180 A.3d at 405–406 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in *Muniz* does not apply at this point to untimely-filed PCRA petitions. Thus, we are constrained to agree with the PCRA court's determination that the instant petition is untimely, that the petition does not satisfy any statutory exception, and that there is no jurisdiction for any court to review the petition.

Accordingly, we affirm.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/19